**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 13-81254-CIV-RYSKAMP/HOPKINS

MALIBU MEDIA, LLC,

     Plaintiff,

v.

JOHN DOE subscriber assigned IP
address 76.110.224.136,

     Defendant.

_____/

### DEFENDANT'S MOTION TO PROCEED ANONYMOUSLY

COMES NOW the Defendant, JOHN DOE subscriber assigned IP address 76.110.224.136 (hereinafter "CF"), by and through its undersigned counsel, and files this, its Motion to Proceed Anonymously in this Action until the dispositive motion stage of this litigation, and in support thereof states as follows:

1.   Through this motion, Defendant, JOHN DOE, seeks to proceed anonymously, under its initials "CF," during the initial phases of this proceeding. CF corresponds with the Defendant's initials, which should serve to simplify discovery and preserve transparency.

### BACKGROUND

2.   This copyright infringement action is one of multitude of similar actions that are presently clogging the federal judicial system. Plaintiff, MALIBU MEDIA, LLC ("MALIBU") produces

pornographic movies which it distributes through paid
subscription-based websites. E.g., <u>Malibu Media, LLC v.
Fitzpatrick</u>, 2013 U.S. Dist. LEXIS 149495 (S.D. Fla. 2013).
Through an agent, investigations firm IPP Limited, MALIBU
routinely monitors BitTorrent networks for unauthorized
distribution of its films.  <u>Id.</u> at *3. IPP Limited identifies the
Internet Protocol ("IP") address through which MALIBU's content
was purportedly downloaded.  MALIBU then sues the assignee of the
IP address.

 3. In the matter at hand, Defendant, CF, denies viewing or
downloading any MALIBU movies, denies ever having used
BitTorrent, and denies having any previous knowledge of the
existence of such practices.  CF can demonstrate that its
computers never accessed the data in question.  CF can also show
that it was out of state during at least one period wherein
MALIBU claims that the infringement occurred. (Copy of
Defendant's affidavit attached hereto as Exhibit "A", with
identifying information redacted; the original unredacted
affidavit will be provided to the Court for in camera review upon
request)  Simply put, Defendant's position is that MALIBU, once
it perfects service, will be suing the wrong party.

 4. The weakness in MALIBU's position is that, even if it
has identified the correct IP address - itself a dubious

proposition - it has no information to back its notion that the assignee of that address was responsible for the infringement. An IP address only identifies the location from which a number of computers and handheld devices may have been used to access the data in question.  As one district court has noted, "it is no more likely that the subscriber to an IP address carried out a particular computer function . . . than to say an individual who pays the telephone bill made a specific telephone call." In re BitTorrent Adult Film Copyright Infringement Cases, 2012 U.S. Dist. LEXIS 61447, *9 (E.D.N.Y. 2012).  In short, there is good reason to believe that a significant portion of the subscribers identified by IPs are not the BitTorrent users who downloaded the work.  See Digital Sin, Inc. v. Does 1-27, No. 12-3873, 2012 U.S. Dist. LEXIS 78832, 2012 WL 2036035, at *4 (S.D.N.Y. June 6, 2012)(noting that counsel for the plaintiff had earlier "conceded that there was a high risk of false positive identifications (that is, as many as '30% of the names turned over by the ISPs may not be those of individuals who actually downloaded or shared copyrighted material') and that there were 'horror stories' of harassing and abusive litigation techniques by some law firms." (citing Digital Sin, Inc. v. Does 1-176, 279 F.R.D. 239, 242 (S.D.N.Y. 2012)).  As an example of a likely misidentification, see James Temple, Wrongfully Targeted? Lawsuit Says Grandma

Illegally Downloaded Porn, S.F. Chron., July 15, 2011, at D1

(settlement letter sent to a seventy-year-old grandmother).

    5.    Courts have expressed concern that the public

revelation of the identities of IP address assignees would "allow

plaintiffs to use coercive tactics to shame defendants into

settling even where the defendants have valid defenses." Flava

Works, Inc. v. Doe, 2014 U.S. Dist. LEXIS 7361, *18 (N.D. Ill.

2014). Indeed, as one federal judge recently observed:

> Plaintiffs have outmaneuvered the legal system. They've
> discovered the nexus of antiquated copyright laws,
> paralyzing social stigma, and unaffordable defense
> costs. And they exploit this anomaly by accusing
> individuals of downloading a single pornographic video.
> Then they offer to settle for a sum calculated to be
> just below the cost of a bare bones defense. For these
> individuals, resistance is futile; most reluctantly pay
> rather than to have their names associated with
> illegally downloading porn. So, now, copyright laws
> originally designed to compensate starving artists,
> starving attorneys in this electronic-media era plunder
> the citizenry. Ingenuity 13, LLC v. Doe,
> 2:12-CV-8333-ODW JCX, 2013 U.S. Dist. LEXIS 64564, 2013
> WL 1898633, at *1 (C.D. Cal. May 6, 2013)(order
> imposing sanctions).

"[S]ince an innocent John Doe is just as likely to pay up as a

guilty one, the lawyers do not need to take much care in ensuring

that the John Doe actually was engaged in infringing activity."

Sean B. Karunaratne, The Case Against Combating BitTorrent Piracy

Through Mass John Doe Copyright Infringement Lawsuits, 111 Mich.

L. Rev. 283 at 304 (quotes and citation omitted). Because the

evidence at this stage of the procedings is equivocal, at best; because Plaintiff can effectively conduct its litigation without revealing publicly CF's identity, CF has good cause to pursue this motion.

### ARGUMENT

6.    Upon the return of its subpoena to Comcast Cable Holdings, LLC, MALIBU will know CF's identity and can prosecute its case accordingly. CF herein asserts that proceeding anonymously is appropriate because the allegations are of a personal and embarrassing nature, and that the harm to its privacy interests outweighs any harm that may be done to Plaintiff or to the public. CF is engaged in a business wherein reputation is paramount, and CF is likely to suffer personal and economic harm if MALIBU publically accuses him of illegally downloading pornography.  (See Copy of CF's affidavit attached as Exhibit "A")

7.    CF presently seeks to remain anonymous only until the dispositive motion stage of this litigation.  CF does not request that the case move forward under seal, or that this Court enter a blanket protective order barring disclosure of CF's identity for the duration of this litigation, or that identifying information be expunged from discovery or other documents not filed with the

court.  CF further represents that this motion does not constitute an effort to interfere with Plaintiff's ability to discovery CF's identity as, under existing case law, Plaintiff is entitled to discover such information.  Defendant notes that in similar cases, MALIBU has not objected to requests by defendants to proceed anonymously. E.g., Malibu Media, LLC v. Doe, 2013 U.S. Dist. LEXIS 79433, *12 (N.D. Ill. 2013).

     8.   Various courts have agreed that the fear expressed by Defendant, CF - that of being wrongfully exposed as a consumer of illegally downloaded pornography — justifies some level of protection from public disclosure.  Flava Works, Inc. v. Doe, 2014 U.S. Dist. LEXIS 7361 (N.D. Ill. 2014) Patrick Collins, Inc. v. Does 1-38, 941 F. Supp. 2d 153 (D. Mass. 2013); Sunlust Pictures, LLC v. Cisa, Civil Action No. 12-cv-00656-CMA-KMT, 2012 U.S. Dist. LEXIS 150835, 2012 WL 5187837 (D. Colo. 2012); Malibu Media, LLC v. Does 1-37, 12 C 6674, slip op. at 1 (N.D. Ill. Jan. 9, 2013). As the court noted in Sunlust Pictures, LLC v. Doe, 2012 U.S. Dist. LEXIS 121368, *17 (N.D. Ill. Aug. 27, 2012):

> Balancing on one hand the potential embarrassment to
> Doe and the possibility that [plaintiff] could use
> inappropriate litigation tactics to "coerce" a
> settlement, and on the other hand the public's interest
> in knowing Doe's true identity and the risk of
> prejudice to [plaintiff], the Court finds that allowing
> Doe to proceed by pseudonym is, at least at this stage
> of this suit, appropriate.

     9.   This Court should also note that Defendant, CF, did not

Malibu Media, LLC v. JOHN DOE          Case No. 13-81254-CIV-RYSKAMP/HOPKINS
subscriber assigned IP address 76.110.224.136                          Page 7

purposely avail itself of this forum, but has been forced to
appear through counsel, while maintaining that Plaintiff seeks to
name the wrong party.  If the relief sought through this motion
is disallowed, and should Defendant later be found not to have
engaged in the activities in question; should Defendant's alibi,
as presented within its affidavit, be confirmed, the damage to
its reputation will be impossible to repair.

**WHEREFORE** Defendant, CF, respectfully requests that this
Court grant this motion and allow CF to proceed anonymously under
the initials CF, until such time as this Court orders CF to
reveal its identity, until such time as CF agrees to have its
identity revealed, or until such time as any dispositive motion
comes up for review, which would require either party to reveal
CF's identity.

Dated this 24th day of February, 2014.

Respectfully submitted:

_____
EARL K. MALLORY

**Local Rule 7.01(a)(3) Certification**

Pursuant to Local Rule 7.01(a)(3), Defendant's counsel

Malibu Media, LLC v. JOHN DOE            Case No. 13-81254-CIV-RYSKAMP/HOPKINS
subscriber assigned IP address 76.110.224.136                          Page 8

certifies that it made reasonable efforts to confer with all

parties or non-parties who may be affected by the relief sought

in the motion, by e-mailing Plaintiff's counsel in an effort to

resolve the issues embraced in this motion, and to ascertain

Plaintiff's position with respect to the same.  The issues remain

unresolved.

    Dated this 24th day of February, 2014.

                                    By: _____
                                    EARL K. MALLORY

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the
foregoing  was served on all interested parties via CM/ECF on
this 24th day of February, 2014.

                        Respectfully Submitted,
                        MALLORY LAW GROUP
                        1907 Commerce Lane
                        Suite 104
                        P.O. Box 8858
                        Jupiter, Florida 33468
                        Telephone: (561) 743-3708
                        Facsimile: (561) 743-3729

            BY: _____
                        EARL K. MALLORY
                        ekm@mallorylawgroup.com
                        service@mallorylawgroup.com
                        Florida Bar No. 0980617
                        For the Firm

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-81254-CIV-RYSKAMP/HOPKINS

MALIBU MEDIA, LLC,

     Plaintiff,

v.

JOHN DOE subscriber assigned IP
address 76.110.224.136,

     Defendant.

_____/

### AFFIDAVIT OF ASSIGNEE OF IP ADDRESS

STATE OF FLORIDA         )
                      )
COUNTY OF PALM BEACH )

     Before me, the undersigned authority, personally appeared CF, who being before me first duly sworn, says:

     1.    I make this Affidavit based upon my personal knowledge of the facts contained herein.

     2.    My initials are CF, and I am executing this document as CF to preserve my anonymity until such time as the court orders me to disclose my identity.  My execution of this document as CF shall have the same effect as my full signature.  I swear to the truth of the contents of this affidavit under penalty of perjury.

     3.    I am a subscriber to Comcast internet service. I am the assignee of IP address 76.110.224.136 and am therefore the "DOE" Defendant named by Plaintiff, MALIBU MEDIA, LLC. in this lawsuit.

     4.    My Comcast subscription provides internet access to a wireless network at my personal residence.

     5.    Contrary to the allegations in the Complaint, I have never infringed MALIBU MEDIA, LLC's copyrights and am not a BitTorrent user.

MEDIA, LLC.

11.  My computers do not contain, and have never contained, copies of any of the movies listed in Exhibits A and B to the Complaint filed by MALIBU MEDIA, LLC.

12.  I have never copied, shared, shown, displayed, reproduced, or distributed any of the movies listed in Exhibits A and B to the Complaint filed by MALIBU MEDIA, LLC.

13.  So long as appropriate safeguards are put in place, so as to protect confidential information on my computer, and so long as family photographs and other information on are protected from deletion, I have no objection to letting MALIBU MEDIA, LLC, through its experts, undertake an independent examination of my computers. In order to prevent the accumulation of unnecessary attorney fees and costs, I respectfully urge MALIBU MEDIA, LLC to undertake this review in an expedited manner.

14.  I have reviewed the "UTC hit" dates listed beside the list of movies attached as Exhibit A to the Complaint filed by MALIBU MEDIA, LLC.  (Copy attached hereto as Exhibit "A")  I was not at home and could not have accessed the internet through my home Comcast subscription during some of those dates.

15.  I note that many of the movies that MALIBU MEDIA, LLC alleges that I downloaded, were accessed between October 3, 2013 and October 8, 2013.  I departed from West Palm Beach, Florida for Boston, Massachusetts on the afternoon of Thursday, October 3, 2013, traveled to New Hampshire, and did not return to Florida until late in the evening of Saturday, October 12, 2013.  The document attached as Exhibit "B" is a true and accurate copy of my itinerary, with all personally identifying information redacted.  The document attached as Exhibit "C" is a true and correct copy of my calendar during that period.

6.    I own two different electronic devices that I have used to access the internet through the Comcast based wireless network at my personal residence.   These are identified as follows:

    a.    I have a personal computer, a Dell XPS 8300, that was purchased in December, 2011 and delivered in January, 2012.  A tag attached to the Computer lists the product key as 6▮▮▮▮-C▮▮▮▮-▮▮▮7-▮▮J4▮-▮▮C▮▮-▮▮6-9▮▮▮. Another tag lists the "Service Tag" as 7▮▮▮▮1, the "Service Code" as 1▮▮▮▮▮▮▮5, and the manufacture date as 2011▮▮▮. This computer is used to check email, and for online banking, internet browsing or shopping, family photo storage and editing, word processing, and occasional Solitaire. It has never been used to access or download pornography.

    b.    I have a Samsung Galaxy 10.1 tablet, Model # GT-N8013EA. This device was purchased in December, 2012 or thereabout. The Serial number is R▮▮▮▮▮▮F. The build number is J▮▮▮R.▮▮▮▮▮▮3.  It has never been used to access or download pornography.

7.    The devices identified in the foregoing paragraph ("my computers") are the only devices that I have used to access the internet at my residence.  I purchased my computers new and, to my knowledge, they have never be used by anyone other than my wife and myself.

8.    I have never used BitTorrent and am not familiar with how BitTorrent works.

9.    I do not have BitTorrent installed on my computers and have never had BitTorrent installed on my computers.

10.    I have never viewed, accessed, or downloaded any of the movies listed in Exhibits A and B to the Complaint filed by MALIBU

16.   I run a small financial services business, located in the county adjacent to that of my home.   The continued success of this business is dependent on my personal reputation for integrity, ethics, and sound judgment.

17.   If my clients were to learn that I was accused of illegally downloading pornography from the internet, despite the falsity of the claim, they would abandon my business and would switch their allegiance to my competitors.

18.   MALIBU MEDIA, LLC had no basis for naming me as a defendant to this lawsuit apart from the fact that I am the assignee of an IP address through which someone allegedly downloaded illegal content, and although others may have accessed the internet through that same IP address.

19.   MALIBU MEDIA, LLC has sued the wrong party.


FURTHER AFFIANT SAYETH NAUGHT.



CF


STATE OF FLORIDA

ss

COUNTY OF PALM BEACH

The foregoing instrument was acknowledged before me this 21st day of February, 2014, by CF (⬛⬛⬛⬛⬛⬛) who is personally known to me or who has produced _____ as identification and who did/did not take an oath.

EARL K. MALLORY
MY COMMISSION # EE40435
EXPIRES: November 28, 2014
1-800-3-NOTARY   Fl Notary Discount Assoc. Co.

Notary Public, State of Florida at Large

Print Name:_____
Commission No._____
My Commission Expires:

# EXHIBIT A
# TO AFFIDAVIT

**File Hashes for IP Address 76.110.224.136**

**ISP:** Comcast Cable
**Physical Location:** Jupiter, FL

| Hit Date UTC | File Hash | Title |
|---|---|---|
| 10/08/2013 01:06:34 | 8A7390C517F500B580A32847329E28AB879C34B9 | Like the Sun |
| 10/08/2013 00:32:06 | DFEA3BF5C9B2760B4A25C1000D0AD8F92BBB887C | Unveiling Part #1 |
| 10/08/2013 00:15:21 | E3DDA7E76207E9CCD7E4B053F6935057806208FE | First and Forever |
| 10/08/2013 00:07:10 | C9C43E5BFDA7A9E2BA909B14C3C06093E75A8A80 | Her First Time |
| 10/07/2013 23:28:34 | A4FF583B1C30EE9019278A95A6DD1E766C65F2FB | Let Me Take Your Picture |
| 10/07/2013 10:30:42 | D147E7C5DC14E22DD4642EB700B6262B531923FF | Come Inside From the Cold |
| 10/07/2013 09:17:43 | DFE1010F1AD36EBAF159062857A1C8AEFF8F4E3C | Wake Me Up Like This |
| 10/07/2013 09:04:31 | A4AE6B2579DB805C3EA7AFACCD54B15824B9E111 | Party Boat |
| 10/07/2013 09:01:20 | 4499FD31DC2000FBAACFD7F01D1002A39B204C2D | Without Words |
| 10/07/2013 08:07:29 | 62ED4092DF29DC764616EAC46077CDFE8FC76D4A | Erotic Stretching and Sex |
| 10/07/2013 07:31:19 | 0C4B2406B2C4F151DC576F747487DB1A555778BE | Come from Behind |
| 10/07/2013 07:16:14 | 4DCC20A5B9802673A06315D8CE5DB442283F75B2 | Digital Love |
| 10/07/2013 05:51:53 | CB505B2E122D8449E85B64DF60AABD8A4E6943C8 | Girly Girls |
| 10/07/2013 03:14:33 | 5FFAA91F0515C0756C5DE9A93B092A755620CC2A | I Love James Deen |
| 10/07/2013 02:11:06 | 53EAC1A555D48687120AC92F6B949F846B78D39F | Stay for a While |
| 10/07/2013 01:57:01 | 32C8E09B8C06CE9D3ABDDA07BF36485EC662C2EE | Through the Looking Glass |
| 10/07/2013 01:50:03 | A86EA62D33195C068D558B1354FBCC2B1A4498D9 | We Love Ourselves |
| 10/07/2013 01:48:51 | D0F9DB5218864AFDC395504DDF15862406E393FD | Pool Party For Three |
| 10/07/2013 01:35:44 | A816B307284BFBD25CEF06E4CDC90EC20FFADCE5 | Alone Is A Dream Left Behind |
| 10/07/2013 01:26:53 | 8373AF619CD811248AFE99516087ACF2F9739585 | Spontaneous |
| 10/07/2013 01:13:57 | FD45786111BBB7A8C19A9ABF63E7190FAB828E09 | Czech Beauties |
| 10/07/2013 00:58:59 | D6B829A596A48DF06D0812A8DCD65DDCD91EB5EF | Make Me Feel Beautiful |

EXHIBIT A

| Hit Date UTC | File Hash | Title |
|---|---|---|
| 10/07/2013 00:57:20 | C3C1C32AFAF0EB3BF9BE2F1ECF57581E133F9B0D | Up Close and Personal |
| 10/07/2013 00:10:42 | 53E8068629FC21F23779B78A42D8C8AA03DE63AB | Newlyweds |
| 10/07/2013 00:07:46 | F98E84A5D71C30D9A1BEC94E55B51B2D8085B112 | Only Girls |
| 10/07/2013 00:05:35 | 3382EC00142705DB3EF309A4CEB081BDC584B178 | Dreams Do Come True |
| 10/07/2013 00:00:56 | 24611441049DF8ADF2F98C75A6D9BEFD26E701FF | Oh Mia |
| 10/04/2013 21:51:35 | DEF8CB75C4D4EC9F98A7E12472F4EC35677E70D6 | Model Couple |
| 10/04/2013 21:13:58 | 03E9C1D4BF0923038011F390676CC10926F7DACD | Meet Me in Madrid |
| 10/04/2013 20:59:40 | C1520325A50BD20A91101195F50C46194B34C243 | Girls Who Like Girls |
| 10/04/2013 20:49:37 | 9A5F92FCA83EB33B405F799FF7C7E500A18501CA | What a Girl Wants Part #2 |
| 10/04/2013 20:40:38 | 3BE6214C99318E514C9DA39C4FCBCE2DB6B8DAC6 | Elle Hearts Girls |
| 10/04/2013 20:35:39 | 5BCE8A33864C3C7FDE40DCEDE4B7C50A3E2F356E | Play Me |
| 10/04/2013 20:34:00 | 0C67AD2D1B7BE7AA62FB45BE65534C6BD2E4B723 | Clean and Wet |
| 10/04/2013 20:28:51 | 001A8650407903F13E017FB44C676CEE635A6287 | Bad Girls |
| 10/04/2013 20:18:13 | 1324805ABD0356D543172B86246390BE41CD9DF6 | Burning |
| 10/03/2013 23:00:13 | D46C72FD478307182F7A4A99FA6FEA9C1F697F3C | So Close Together |
| 10/03/2013 22:50:44 | 4842644E88162527E5D4D8B101BCE619983190F4 | Raw Passion |
| 10/03/2013 22:43:17 | 854A2A259792C68E63F43AA88D40D89AA800A0C6 | Made for Each Other |
| 10/03/2013 22:38:49 | 6B3AD6CD8876E455AA4BC7F7A00D5CE42B6415D0 | Triple Threat |
| 10/03/2013 22:04:54 | 0325F14E0BAED8CA0FDE13F575BCF197DA074ED4 | Malibu Moments |
| 10/03/2013 21:50:18 | 2E0D4EC8052DAA181237CD079C030CC488091DCB | Hot Brunettes |
| 05/27/2013 23:34:08 | BE6EC2BD6D8815907EDE326CBE3D4E409BE1D69D | A Wonderful World |
| 05/26/2013 23:30:58 | 35FCAC7F875167F7C27B9FD6685F093917A9C4D1 | Happy Birthday Capri |
| 05/26/2013 22:59:38 | 05CEC6761BBBB4F85474CF48732856902A41D330 | Marry Me |
| 05/24/2013 21:24:54 | 068A5AF4BA8F4206CC4480030A3E69DC1038F6EA | The Young and the Restless |
| 05/24/2013 02:04:48 | FFBDAD43FCF39BB8C58A37B760EFC15965E9BC27 | Truth or Dare |

EXHIBIT A

SFL54

| Hit Date UTC | File Hash | Title |
|---|---|---|
| 05/24/2013 01:39:31 | A380120BF80B0C9C77B5E10535092741CC12663C | Together at Last |
| 05/24/2013 01:23:39 | FB135289FB3034B07A4D8721535BBF3425A9A814 | Snow White and the Prince |
| 05/24/2013 01:23:20 | A24B6ABDC5430A0D426B24E7D4BF1CF121F2D517 | Names |
| 05/24/2013 01:22:39 | 8A9916DF81F0E99C2067407F27B6149D869A42F3 | Sapphic Waltz |
| 05/24/2013 01:06:49 | 164D820447E52F8FE879BCBA8C149736F6FEE6F9 | Green Eyes |
| 01/03/2013 22:10:59 | 27480B702A95A52335FD2BFBE97966DD194578D9 | Morning Desires |
| 12/20/2012 23:35:07 | 304FE53D6E272CBD8FB4804854F6D58212721086 | Lipstick Lesbians |

**Total Statutory Claims Against Defendant: 54**

EXHIBIT A

SFL54

**EXHIBIT B
TO AFFIDAVIT**

| From: | JetBlue Reservations |
|---|---|
| To: | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |
| Subject: | Itinerary for your upcoming trip |
| Date: | Friday, August 23, 2013 3:23:14 PM |

Scan this barcode to
check in at any JetBlue
check in kiosk.

**Home    Flight Status    Change/Cancel    Seats    Baggage info**

# You're all set!

Thanks for choosing JetBlue. Please review this booking confirmation carefully as it includes some important and helpful information about your trip. Although you don't need this document to check in, we recommend that you print it out for your reference.

MAKE YOUR TRAVEL EASIER.

Sign up for flight alerts to get updates on all your flights.

 **Your confirmation number is** ▮▮▮▮▮.

Even more space


If you purchased an Even More Space seat, congratulations! If you didn't, you still have a chance to get extra legroom, plus enjoy early boarding and early access to overhead bins. In select cities, Even More Space also comes with Even More Speed expedited security so you can get to your gate faster. Purchase now.

## Your itinerary

| Date | Departs/ Arrives | Route | Flight/ Operated by | Travelers | Frequent Flyer[1] | Seats[2] | Terminal |
|---|---|---|---|---|---|---|---|
| Thu, Oct 03 | 3:34 p.m. 6:30 p.m. | WEST PALM BEACH, FL to BOSTON, MA | 1022 | ▮▮▮ C▮▮ F▮▮ | ▮▮▮▮▮▮ ▮▮▮▮▮▮ | ▮▮ ▮▮ | |



| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Sat, Oct 12 | 7:33 p.m. 10:45 p.m. | **BOSTON, MA** to **WEST PALM BEACH, FL** | 321  | | | | C |



1 To provide a frequent flyer number please call 1-800-JETBLUE (538-2583).

2 Seats requests on other airlines are not guaranteed until confirmed by the operating carrier.

## Your ticket(s) is/are:





## Payment

For a detailed receipt, select a customer:   

Please click here for details regarding change and cancel policies.



## Insurance confirmation

For Allianz Global Assistance flight insurance inquiries, please call 1-800-284-8300.



## Special travel deals

 **Get 20,000 TrueBlue® points** after spending $1,000 with your Card in your first 3 months of Cardmembership.[1] Apply now



 We've teamed up with hotels.com to offer you a huge selection of hotels.

- Special Internet Rate Price Match Guarantee[2]

- No Change or Cancel fee[3]
- No phone booking fee
- Thousands of TripAdvisor® customer reviews

Click here or call **800-544-3581** to book your hotel now.





Find great car rentals from Hertz, Enterprise, Dollar, Avis and more right here – no need to go website hopping.





Ride in style with private car service to/from the airport from our new partner, LimoRes. It's a lot less than you think - rates start at just $49[4]. Book online now.



†DIRECTV® and XM Radio® services are not available outside the continental U.S.; however, where applicable, movies from JetBlue Features™ are offered complimentary on these routes.

1. **Welcome bonus offer not available to applicants who have had this product or a Crewmember JetBlue Card account within the last 12 months.** You can earn 20,000 TrueBlue® points after you spend $1,000 on eligible purchases in your first three months of Cardmembership following the time of Card account opening. Eligible purchases are purchases of goods or services minus returns and credits, and do NOT include: fees or interest charges, balance transfers, cash advances, purchases of travelers checks, purchases or reloading of prepaid cards, or purchases of cash equivalents. TrueBlue points will be credited to your JetBlue TrueBlue Program account 6 to 8 weeks after the spend requirement has been reached. This offer is not valid for existing JetBlue Cardmembers. You are eligible to receive points for only one Card account. Additional Cardmembers are not eligible.

2. Price Match Guarantee: If you find the same hotel and dates of stay at a lower rate, Hotels.com will, at its choice, either match the lower rate or cancel the reservation without a cancellation fee. See http://hotels.jetblue.com/index.jsp?pageName=guarantee.

3. No Change/Cancel Fees: Hotels.com does not charge a change or cancel fee; however, each property has independent penalties for changes/cancellations. See full hotel details and descriptions for details.

4. *Advertised rates are based on trips between airports and downtown metropolitan area locations in an economy class vehicle. Rates do not include additional charges that may be applicable, such as charges for tolls, extra stops, parking fees, telephone usage, pets, extra in-car bags, car seats, waiting time, or custom requests. Rates include local and state taxes and fees, except in NY, NJ, and CT; passengers in these states are responsible for taxes and fees (including, in NY, a 2% NYC workmen's compensation charge and 8.875% state and local sales taxes). Rates include gratuity, except in NY, NJ, and CT; passengers traveling in these states are encouraged to provide appropriate gratuity based on the service received. Economy pricing may not be available at all times during the day or during certain weather conditions. Advertised rates only apply for bookings made online at limos.jetblue.com or by calling 1-888-478-8190.

## CUSTOMER CONCERNS

Any customer inquiries or concerns can be addressed here, emailed to dearjetblue@jetblue.com, or sent to JetBlue Airways, 6322 South 3000 East, Suite G10, Salt Lake City, UT 84121.

## NOTICE OF INCORPORATED TERMS

All travel on JetBlue, whether it is domestic or international travel, is subject to JetBlue's Contract of Carriage, the terms of which are incorporated herein by reference. International travel may also be subject to JetBlue's international passenger rules tariffs on file with the U.S. and other governments,

and, where applicable, the Montreal Convention or the Warsaw Convention and its amendments and special contracts. Incorporated terms include, but are not restricted to:

NOTICE OF INCREASED GOVERNMENT TAX OR FEE
JetBlue reserves the right to collect additional payment after a fare has been paid in full and tickets issued for any additional government taxes or fees assessed or imposed.

1. Liability limitations for baggage, including special rules for fragile and perishable goods and the availability of excess valuation.
2. Liability limitations for personal injury or death.
3. Claims restrictions, including time periods within which passengers must file a claim or bring an action against JetBlue.
4. Rights of JetBlue to change the terms of contract.
5. Rules on reservations, check-in, and refusal to carry.
6. JetBlue's rights and limits on its liability for delay or failure to perform service, including schedule changes, substitution of aircraft or alternate air carriers, and rerouting.
7. Non-refundability of reservations.
8. The Contract of Carriage and tariffs may be inspected at all JetBlue airport customer service counters, and upon request you have the right to receive by mail a copy of the full text of the Contract of Carriage or tariffs. Additional information on items one through seven can be obtained on JetBlue's website at www.JetBlue.com or at any U.S. location where JetBlue transportation is sold.

**CARRY-ON BAGGAGE RULES**
JetBlue flights - Each customer may bring one bag that fits in the overhead bin plus one personal item (purse, briefcase, laptop, etc.) that fits under the seat in front free of charge.  Any excess carry-on baggage will be checked baggage. Visit http://www.jetblue.com/bags  and http://www.tsa.gov for more information. Connecting on our partner airlines (including Cape Air) – The carry-on rules of a partner airline apply when checking in to a JetBlue flight that is connecting to the partner.  See http://www.jetblue.com/partners for more information. While JetBlue may allow additional carry-ons as a courtesy to customers connecting to our partner airline, JetBlue cannot guarantee that those bags will be accepted for in-cabin travel on the partner.  Customers are encouraged to abide by partner's rules for their entire journey to avoid additional checked baggage fees if their carry-ons do not meet size/weight restrictions.

**CHECKED BAGGAGE ALLOWANCE/FEES**
Domestic JetBlue flights - JetBlue allows one free checked bag, subject to size/weight restrictions. For flights booked on or after February 3, 2012 a $40.00 fee applies to a second checked bag ($35.00 for flights booked before February 3, 2012), subject to size/weight restrictions. A $75 fee applies for a third checked bag. Other fees apply for additional baggage and oversized or overweight baggage. Visit http://www.jetblue.com/bags for more information. International JetBlue flights - JetBlue allows one free checked bag, subject to size/weight restrictions. For flights booked on or after February 3, 2012 a $40.00 fee applies to a second checked bag ($35.00 for flights booked before February 3, 2012). Excess baggage rules and size/weight restrictions may vary depending on load availability and country restrictions. See www.jetblue.com/bags for more information. Travel on our partner airlines (excluding Cape Air*) – Baggage rules and fees vary by partner airline and destination. JetBlue will follow our partner airlines' fees when customers are traveling on an itinerary including one of our partner airlines. Excess baggage rules and size/weight restrictions may vary depending on load availability. See http://www.jetblue.com/partners for more information.

*For itineraries with a connection only to/from Cape Air, JetBlue's standard fees apply.

**CHECK-IN TIMES**
For domestic flights, customers traveling without checked baggage must obtain a boarding pass twenty (20) minutes prior to scheduled departure and customers traveling with checked baggage must obtain a boarding pass thirty minutes prior to scheduled departure. Customers must be present in the boarding gate are fifteen (15) minutes prior to scheduled departure or the posted aircraft departure time. For international flights, customers traveling with or without checked bags must obtain a boarding pass sixty (60) minutes prior to scheduled departure. Customers must be present in the boarding gate twenty (20) minutes prior to scheduled departure or the posted aircraft departure time.

**DOCUMENTATION REQUIREMENTS**

For domestic travel, customers over the age of 18 will be required to show a U.S. federal or state-issued photo ID that contains the following information: name, date of birth, gender, expiration date and a tamper-resistant feature. Customers traveling to/from an international destination are required to present proper documentation at the time of check-in. Documents required for travel vary according to citizenship, residency, country of travel, age (for minors), length of stay, purpose of visit, student status, etc. Please check for specific requirements for the country, or countries, you are visiting to make sure you have the correct documents. In addition, Customers traveling to a country other than their country of citizenship or residency are required to hold proof of return or onward travel. Failure to present proper documentation could result in denied boarding.

**ADVICE TO INTERNATIONAL PASSENGERS ON LIMITATION OF LIABILITY**

Where a passenger's journey involves an ultimate destination or a stop in a country other than the country of departure, either the Warsaw Convention and the Hague Protocol, their amendments, and any special contracts of carriage embodied in applicable tariffs that waive Warsaw/Hague limits, or the Montreal Convention may apply to the entire journey including the portion within the countries of departure or destination and, in some cases, may limit the liability of the carrier for death or personal injury, delay, and for loss of or damage to baggage. The Montreal Convention, where applicable, does not impose, and special contracts voluntarily entered into by many carriers, including JetBlue, waive, the Warsaw/Hague limitations for compensatory damages arising out of personal injury or wrongful death caused by an accident, as defined by the applicable treaty. The names of carriers party to the special contracts are available at all ticket offices of such carriers and may be examined upon request.

**NOTICE OF BAGGAGE LIABILITY LIMITS**

For international transportation (including domestic portions) governed by the Montreal Convention, JetBlue's liability for baggage is limited to 1,131 SDRs (see, www.imf.org for current value) per passenger unless a higher value is declared and an extra charge is paid. For international transportation governed by the Warsaw Convention and the Hague Protocol and their amendments, JetBlue's liability for baggage is limited to $9.07 per pound for checked baggage and $400 per passenger for unchecked baggage unless a higher value is declared and an extra charge is paid. Special rules may apply to valuable articles. For domestic transportation, JetBlue's liability for baggage is limited to $3,300 per passenger. General baggage rules: As set forth more fully in its Contract of Carriage and international passenger rules tariffs, JetBlue will not be responsible for fragile or perishable goods. JetBlue assumes no liability for oversized, overweight or overpacked baggage, or for loss of or damage to baggage parts such as wheels, straps, pockets, pull handles, zippers, hanger hooks or other items attached to baggage. JetBlue will not be responsible for the following items in checked or unchecked baggage: money, jewelry including watches, cameras, camcorders, any type of electronic equipment, including computers, valuable papers or documents and other similar items as described in more detail in the Contract of Carriage.

# NOTICE OF OVERBOOKING OF FLIGHTS

Although JetBlue does not intentionally overbook its flights, there is a slight chance that a seat will not be available on a flight for which a person has a confirmed reservation. If the flight is overbooked, no one will be denied a seat until airline personnel first ask for volunteers willing to give up their reservation in exchange for compensation of the airline's choosing. If there are not enough volunteers, JetBlue will deny boarding to other persons in accordance with its particular boarding priority. With few exceptions, including failure to comply with JetBlue's check-in deadline (which are available upon request from JetBlue), persons denied boarding involuntarily are entitled to compensation. The complete rules for the payment of compensation and JetBlue's boarding priorities are available at all airport ticket counters and boarding locations. **Some airlines do not apply these consumer protections to travel from some foreign countries, although other consumer protections may be available. Check with your airline or your travel agent.**

# EXHIBIT C
# TO AFFIDAVIT

# October 2013

| SUNDAY | MONDAY | TUESDAY | WEDNESDAY | THURSDAY | FRIDAY | SATURDAY |
|---|---|---|---|---|---|---|
| | | **1** Acy. 10 | **2** Gazebo 5pm _Mahatma Gandhi's Birthday_ | **3** NH fly | **4** NH Time share ● 8:35 pm EDT | **5** Time share _Navaratri (Hindu)_ |
| **6** TNH | **7** NH | **8** NH | **9** NH | **10** NH | **11** NH ☽ 7:02 pm EDT | **12** Home |
| **13** Home | **14** _Columbus Day Observed_ _Indigenous Peoples' Day_ _Thanksgiving (Canada)_ GAZEBO _Eid al-Adha (Islamic)¹_ | **15** Acy 10 | **16** 8:15 Breakfast | **17** | **18** _Penumbral Lunar Eclipse 7:51 pm EDT³_ ○ 7:38 pm EDT | **19** |
| **20** _Birth of the Báb (Bahá'í)_ | **21** _Mercury Retrograde Until November 10_ | **22** TooJays 12:15 | **23** | **24** 8:20 Luella Am 2-hair 5pm _United Nations Day_ | **25** hair 10:30 | **26** April's Baby Shower 3pm ☽ 7:41 pm EDT |
| **27** Lunch gale 1pm City Place | **28** Joe's exam!! Pees 11:45 Leslie dinner | **29** Wine tasting | **30** | **31** _Halloween_ _Samhain (Pagan/Wiccan)_ | September 2013 S M T W T F S 1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 29 30 | November 2013 S M T W T F S 1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 29 30 |

Burchell's zebra trio, Serengeti National Park, Tanzania
Photograph © Martin Van Lokven / Minden Pictures

See last page for moon and holiday key.
Printed on recycled paper.